**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Cecil Russell McBENGE,
Defendant–Appellant.**

No. 52854.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 19, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 24, 1988.

Robert C. Wolfrum, Public Defender, St. Charles, for defendant-appellant.

William L. Webster, Atty. Gen., Karen A. King, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SMITH, Judge.

Defendant appeals from his convictions of an attempt to commit robbery in the first degree and of armed criminal action and the resultant consecutive fifteen year sentences. We affirm.

Defendant and Al Pikey and Bill Phillips were driving in St. Charles County in defendant's pick-up truck. There was a discussion about committing an "armed robbery." In a statement to the police, defendant admitted the discussion but said it was between Pikey and Phillips and that he expressed his reluctance to participate. As defendant and his friends were driving past a restaurant in St. Charles, they saw a couple walking to their automobile. Defendant was told to stop the vehicle, which he did. Phillips exited the vehicle. Defendant stated to police, "Bill jumped out, grabbed a double barreled shotgun out of the back, walked about one hundred yards, then disappeared into the dark cars." Phillips attempted to rob the couple with a sawed-off shotgun but was disarmed by the male victim. Phillips then ran back to the pick-up truck, which was waiting for him, and defendant and his companions left the scene. Defendant was driving the vehicle throughout. Defendant told police that at the time Phillips exited the truck, defendant did not know that Phillips or Pikey had a gun with them.

Defendant's major contention on appeal is that the court erred in the verdict-director it used for the attempted robbery in the first degree. The instruction utilized was MAI–CR3d 304.06 modified for accessory liability by 304.04. It did not include the optional paragraph defining the object crime. That paragraph is required where, as here, the attempted crime is submitted but the object crime is not. Notes on Use 4, MAI–CR3d 304.06. The trial court did utilize a separate definition instruction which included the definition of robbery found in MAI–CR3d 333.00, i.e.: "A person commits the crime of robbery when he forcibly steals property." That definition is taken from Sec. 569.030 RSMo 1986, which is the statute defining robbery in the second degree. MAI–CR3d 304.06 requires that the definition of the object crime include all elements thereof.

The state concedes that the instruction as given did not follow the mandate of MAI–CR3d and was therefore erroneous. We agree. The definition of the object crime was omitted from the verdict-director contrary to Notes on Use 4. The definition of robbery utilized in the definition section did not include all of the elements of robbery in the first degree, in this case the requirement that the robber is armed with a deadly weapon. Under Rule 28.02(e) we must determine whether prejudice to defendant occurred from the erroneous instruction. *State v. Rodgers,* 641 S.W.2d 83 (Mo. banc 1982).

Defendant asserts that he sustained prejudice because the instruction did not allow the jury to consider the evidence that defendant did not know that Phillips would commit the robbery while armed. The verdict-director required the jury to find that Phillips was armed. Defendant's culpability is based upon his aiding Phillips for the purpose of committing the offense of armed robbery, MAI–CR3d 304.04; Sec. 562.-041.1(2), RSMo 1986. Defendant's position would have merit if the evidence supported a finding of defendant's ignorance that Phillips would be armed. The evidence does not support such a finding. Taken in the most favorable light to defendant, the evidence establishes only that defendant did not know Phillips was armed when he exited the truck. The only evidence is that thereafter defendant saw Phillips obtain a shotgun from the back of the truck and head in the direction of the targeted victims. Defendant did not at that time disassociate himself from Phillips or his actions, but remained at the scene as the driver of Phillips escape vehicle. By so doing defendant acted together with and aided Phillips in committing the robbery. Sec. 562.-041.2(3) RSMo 1986. The instruction required the jury to find that defendant knew Phillips was going to commit a robbery, the only fact even arguably in dispute. The only evidence established that defendant knew that whatever Phillips was going to do, he was armed with a shotgun to do it. In that posture defendant sustained no prejudice from the erroneous instruction as the jury had no factual issue to resolve as to whether defendant knew Phillips was armed.

Defendant attacks his conviction on the armed criminal action count on the basis that the verdict-directing instruction on that count incorporated the erroneous instruction on the attempted robbery count. For the same reasons that we find no prejudice from that instruction on the attempt count we find none on the armed criminal action count.

Next defendant contends that that portion of MAI–Cr3d 304.04 incorporated into the verdict-directing instruction unconstitutionally changes the criminality imposed by Sec. 562.041 RSMo 1986. This contention is made upon the basis that the opening paragraph of 304.04 refers to encouraging the other person to commit the crime, a word not found in the statute. We need not resolve that issue. The verdict-director, while defining accessory liability in the required terminology of the first paragraph, submitted defendant's actions utilizing the language "the defendant acted together with or aided." The concept of defendant's "encouragement" was not submitted to the jury. We are unable to find any prejudice to defendant.

Finally, defendant challenges the sufficiency of the evidence to support a convic-

tion. We have heretofore set forth the evidence. It is sufficient to support the conviction.

Judgment affirmed.

KAROHL, P.J., and KELLY, J., concur.